Filed 2/26/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF ALAMEDA COUNTY, <br><br> Respondent; <br><br> NEDRA LEWIS et al., <br><br> Real Parties in Interest. | A144283 <br><br> (Alameda County <br> Super. Ct. No. RG14731660) |

Real parties in interest, Nedra Lewis and Julie Barbella, filed an action seeking to declare an expression of policy of the Arbitration Certification Program of petitioner, the California Department of Consumer Affairs, to be an underground regulation adopted without following the processes required by the Administrative Procedures Act (Gov. Code, §§ 11340 et seq.),[1] and thus invalid. Petitioner demurred on the ground that real parties in interest lack standing to challenge the policy. When the superior court overruled the demurrer, petitioner filed its petition for writ of mandate in this court. We stayed the proceedings in the superior court and ordered briefing.

We hold that real parties may not invoke the doctrine of public interest standing, and their individual interests in the controversy are too conjectural to confer standing to bring an action for declaratory relief. Accordingly, a writ of mandate shall issue directing

---

[1] Unless otherwise noted, further statutory citations are to the Government Code.

1

the superior court to vacate its order overruling the demurrer and instead issue a new order that grants the demurrer with prejudice.

I.

The Arbitration Certification Program (ACP) is a bureau within the Department of Consumer Affairs charged with certification and review of the qualified dispute resolution process identified in the Song-Beverly Consumer Warranty Act, Civil Code section 1790 et seq., commonly referred to as California's "lemon law." (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 297.) "The ACP's mission is to protect California's new car owners by ensuring that state certified arbitration programs provide fair and expeditious resolution of lemon law disputes." Not all automobile manufacturers must have an ACP certified program. But those manufacturers who choose to operate a certified arbitration process have limited lemon law liability.

Real parties Lewis and Barbella bought new cars that were under the original manufacturers' warranties at the time they filed their complaint for declaratory relief in the superior court. Lewis does not own a car made by a manufacturer that has an arbitration program certified by the ACP. Barbella does.

Real parties filed their action for declaratory relief claiming that public statements in ACP publications were illegal underground regulations not adopted in conformity with California's Administrative Procedures Act (§ 11340 et seq.). Specifically, they allege that contrary to existing statutes and regulations, the ACP states that car manufacturers may adjust the price of a defective vehicle to be repurchased from its owner as a lemon for excessive wear and tear, and that it is not within an arbitrator's purview to make such an adjustment. Instead, such an adjustment is to be left to the vehicle owner and the manufacturer as a matter of negotiation.

Petitioner demurred to the amended complaint on the grounds that there was no justiciable case or controversy, the real parties lacked standing and they failed to exhaust an available administrative remedy. Real parties opposed the demurrer by arguing that standing to sue was conferred on them by section 11350, subdivision (a), which states in

2

part: "Any interested person may obtain a judicial declaration as to the validity of any regulation or order or repeal by bringing an action for declaratory relief in the superior court in accordance with the Code of Civil Procedure." Relying on case law interpretation of the phrase "interested person" in section 11350, subdivision (a) as someone who " 'is or may well be impacted by a challenged regulation,' " real parties argued they have standing to contest the public position taken by the ACP.

The superior court concluded real parties were interested persons as described in section 11350 and the cases interpreting it and overruled the demurrer. The court concluded that the statements attributed to ACP about excessive wear and tear were alleged in the complaint to affect the behavior of all car makers, not just those who participated in the ACP. Thus, in the event either of the real parties were to experience car problems of a magnitude within the scope of the lemon law, the maker of that car would rely on the ACP publication to deduct excessive wear and tear from the repurchase price, even if it did not participate in the arbitration program.

II.

Real parties argue that they are interested persons with standing to bring this action for declaratory relief under the rule of *Environmental Protection Information Center v. Department of Forestry & Fire Protection* (1996) 43 Cal.App.4th 1011, 1017–1018 (*Environmental Protection*). In that case, the court held an organization has standing to sue for declaratory relief where either the organization or its members are or may well be impacted by a challenged regulation. (*Id*. at p. 1018.) *Environmental Protection* involved a challenge to Department of Forestry and Fire Protection regulation exempting any property smaller than three acres from the preparation of a timber harvest plan. The plaintiff organization had some 450 members, and the majority resided or owned property in Sonoma, Mendocino and Humboldt, "three of this state's major timber-producing counties." (*Id*. at p. 1019.) In considering the effect of the department's regulation to deprive these landowners of the ability to inspect or comment on plans for harvesting trees on smaller properties before the actual harvesting took place,

3

the court determined the plaintiffs could be subject to the challenged regulation and had standing to sue for declaratory relief. (*Ibid.*)

Real parties argue *Environmental Protection* controls because it broadly interpreted and applied section 11350, subdivision (a)'s delineation of parties who may seek declaratory relief as to the validity of a regulation, order or repeal. According to real parties, they are interested persons entitled to bring this suit because the court in *Environmental Protection* rejected the standing requirements of injury in fact and harm that is actual, imminent or likely as opposed to speculative. We disagree. While it is true that a plaintiff need not show actual injury to have standing, California law generally requires more of an individual plaintiff than a speculative chance of harm.

 "As a general principle, standing to invoke the judicial process requires an actual justiciable *controversy* as to which the complainant has a real interest in the ultimate adjudication because he or she has either suffered or is about to suffer an injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented to the adjudicator. [Citations.] *To have standing, a party must be beneficially interested in the controversy;* that is, he or she must have 'some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large.' [Citation.] The party must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical." (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 314–315, italics added.)

Moreover, as section 11350 makes clear, an action for declaratory relief is to be brought "in accordance with the Code of Civil Procedure." (§ 11350, subd. (a).) Thus, we must also consider Code of Civil Procedure section 1060's requirement for declaratory relief, of an "actual controversy relating to the legal rights and duties of the respective parties." (Code Civ. Proc., § 1060.) This "actual controversy" language is broad enough to encompass a probable future controversy, if the controversy is ripe, but whether a claim presents such an actual controversy is a question of law that we review

4

de novo. (*Environmental Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 885.)

The standing principle announced in *Environmental Protection,* upon which the real parties rely here, is known as "public interest standing." (*Save the Plastic Bag Coalition v. City of Manhattan Beach* (2011) 52 Cal.4th 155, 166 (*Save the Plastic Bag*).) Where the question is one of public right and the object of the litigation is to procure the enforcement of a public duty, a plaintiff need not show any legal or special interest to have standing. Instead, it is sufficient that as a citizen the plaintiff has an interest in having the laws executed and duty enforced. (*Id.* at p. 166.) But public interest standing is not freely available to any party. Rather, it is an exception to, not a repudiation of, the usual requirement of a beneficial interest in the litigation (*id*. at p. 170, fn.5), and will not be applied if its underlying policy is outweighed by competing interests of a more urgent nature. (*Ibid*.)

This is such a case. As real parties point out, regulations governing the Office of Administrative Law (OAL) confer administrative standing on "any person who submits a petition to OAL alleging that a state agency has issued, used, enforced, or attempted to enforce an underground regulation." (Cal. Code Regs., tit. 1, § 250, subd. (a).) To recognize real parties' public interest standing in this case, in the absence of any beneficial interest in an actual controversy, would undermine the efficacy of the administrative remedy provided to citizen taxpayers by the Office of Administrative Law.

*Carsten v. Psychology Examining Com.* (1980) 27 Cal.3d 793 (*Carsten*) is illustrative. There, our Supreme Court considered a claim to public interest standing by a member of the Psychology Examining Committee seeking to sue her own agency over the standards that governed psychologist licensure examinations. Although the court held that a board member is not a citizen-taxpayer with standing to sue the very board on which she sits, its opinion is instructive on the interplay between the public interest exception and challenges to administrative proceedings. "Unquestionably, the ready availability of court litigation will be disruptive to the administrative process and antithetical to its underlying purpose of providing expeditious disposition of problems in

a specialized field without recourse to the judiciary." (*Id*. at p. 799.) This consideration in *Carsten* leads us to conclude that we should not extend public interest standing to plaintiffs who have an administrative remedy that may enforce a public duty when they otherwise lack a beneficial interest that is different from the public at large.

Here, although one of the real parties owns a car manufactured by a company participating in the ACP, neither of them has a current dispute with an automobile manufacturer arising under California's lemon law.[2] Nor does either allege any ongoing unresolved car repair issues. Their concern seems to be that *if* they had purchased a lemon and had a dispute with one of the manufacturers of their automobiles, the manufacturer would rely on the ACP's allegedly underground regulation to deduct for excessive wear and tear to incorrectly determine the amount it would be willing to pay to repurchase the car. This scenario is too conjectural for us to conclude real parties have a beneficial interest that is concrete and actual so as to provide them individual standing to bring an action for declaratory relief. (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 314–315.)

Moreover, in addition to a declaration that ACP's policy statement is an underground regulation, real parties seek to invalidate the ACP's interpretation of the lemon law in a way that would permit a vehicle manufacturer who repurchases a vehicle to deduct for excessive wear and tear. But as real parties' return in this case makes clear, the legality of a manufacturer's deduction has been and continues to be litigated in other cases brought by consumers claiming benefits under the lemon law. This, then, is not a situation in which an alleged right will go unaddressed and unvindicated if public interest standing is denied. In contrast, one of the reasons supporting the recognition of public interest standing for the group of landowners suing in *Environmental Protection* was the fact that the regulation challenged in that case operated in a way that denied the suing landowners any opportunity to review and comment on timber harvest plans before

___

[2] Although both cars were under warranty when the complaint was filed, one was serviced twice for warranty related repairs and the other does not appear to have received warranty related service at all.

6

logging took place.  (*Environmental Protection, supra,* 43 Cal.App.4th at p. 1019.)  In this way, if the regulation remained unchallenged before its application it would leave the landowners without a meaningful legal remedy.  The contested regulation here does not operate in a similar way.

Considerations of ripeness, a branch of the doctrine of justiciability, help inform our conclusion.  Injunctive and declaratory remedies are discretionary, and traditionally courts have been reluctant to apply them to administrative determinations unless they arise in the context of an actual controversy that is ripe for adjudication.  At bottom, considerations of ripeness are rooted in the recognition that judicial decision making is best conducted in the context of an actual set of facts.  (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170–171.)  These considerations apply here to counsel our deference to those cases where claims challenging a manufacturer's deduction for excessive wear and tear arise in a factual, as opposed to conceptual, context.

Buyers like real party in interest Lewis, whose vehicles are not covered by a certified arbitration process, may sue to enforce their rights under the lemon law.  (Civ. Code § 1793.22, subd. (c).)  A buyer, like Barbella, who purchases a vehicle from a manufacturer with a certified arbitration process also retains the right to sue if the buyer is dissatisfied with the decision or a manufacturer does not promptly comply with it.  (Civ. Code § 1793.22, subd. (c).)  The lemon law thus provides an express legal remedy for a buyer who disagrees with a vehicle manufacturer's attempt to deduct for excessive wear and tear when repurchasing a vehicle.   This statutory availability of a legal remedy for aggrieved consumers who disagree with the interpretation or application of the lemon law also supports our conclusion that public interest standing is not available in this case.

In these circumstances, the administrative proceeding made available to real parties by the Office of Administrative Law can afford them adequate relief.  To recognize public interest standing here would undermine the efficacy of the expansive standing recognized in the regulations governing the Office of Administrative Law and the possible expeditious disposition afforded by administrative proceedings.  The courts

afford consumers the opportunity to substantively challenge erroneous interpretations of the lemon law, as well as the ACP, as they arise in the context of actual claims under the lemon law.  This is not a case for public interest standing.

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its order of January 22, 2015, overruling the demurrer of petitioner California Department of Consumer Affairs to real parties first amended complaint and to instead issue a new order that grants the demurrer with prejudice.  The stay previously issued by this court is dissolved.  Each party is to bear its own costs in this proceeding.


_____
Siggins, J.


We concur:


_____
McGuiness, P.J.


_____
Pollak, J.


*California Department of Consumer Affairs et al. v. Superior Court*, A144283


8

Trial Court: Alameda County Superior Court

Trial Judge: Honorable Gail Brewster Bereola

Kamalah D. Harris, Attorney General, Alicia Fowler, Senior Assistant Attorney General, Miguel A. Neri, Supervising Deputy Attorney General, John T. McGlothlin, Deputy Attorney General for Petitioner California Department of Consumer Affairs et al.

Jeffrey A. Kaiser, Lawrence J. Gornick, Dennis J. Canty, Kaiser Gornick LLP for Real Parties in Interest Nedra Lewis and Julie Barbella.